**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 26-10678** |
| | § | **(JOINTLY ADMINISTERED)** |
| **CROSBY MARINE TRANSPORTATION, LLC,** | § | |
| | § | **CHAPTER 11** |
| | § | **COMPLEX CASE** |
| | § | |
| **Debtors,[1]** | § | **SECTION: A** |
| | § | |
| | § | |
| **CROSBY TUGS, L.L.C.** | § | |
| | § | **ADVERSARY NO.** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **PELICAN MARINE LOGISTICS, LLC** | | |
| | § | |
| | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**COMPLAINT**

MAY IT PLEASE THE COURT:

Crosby Tugs, L.L.C. ("Crosby Tugs" or "Plaintiff") files this Complaint against Pelican Marine Logistics, LLC ("Pelican Marine") for judgment on an open account in the amount of $385,990.00, together with legal interest, reasonable attorney's fees, and costs pursuant to La. Rev. Stat. § 9:2781. This is an adversary proceeding brought pursuant to Rule 7001(a) of the Federal Rules of Bankruptcy Procedure to recover amounts owed by Pelican Marine to Crosby Tugs for

[1] The Debtors are, in addition to Crosby Marine Transportation, LLC: Crosby Tugs, L.L.C.; Crosby Dredging, LLC; and Bertucci Contracting Company, L.L.C.

towing and vessel services. In support of this Complaint, Crosby Tugs respectfully represents as follows:

## CHAPTER 11 BACKGROUND

1. On March 23, 2026, Crosby Tugs and certain affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which commenced the above-captioned Chapter 11 cases. *See* 11 U.S.C. § 301.

2. The Debtors continue to operate their businesses and manage their properties as debtors in possession, pursuant to 11 U.S.C. §§ 1107 and 1108.

3. On March 24, 2026, the Court entered an Order (ECF Doc. 9) providing that the Debtors' bankruptcy cases are to be consolidated for procedural purposes only and shall jointly be administered by the Court under the caption: *In re Crosby Marine Transportation, LLC*, Case No. 26-10678.

4. On March 24, 2026, the Court entered an Order (ECF Doc. 6) that the Complex Case Procedures shall apply to the Debtors' bankruptcy cases and related matters.

5. On April 8, 2026, the Office of the United States Trustee appointed an official committee of unsecured creditors, jointly, in Crosby Tugs and Crosby Dredging, LLC, pursuant to 11 U.S.C. § 1102.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 as this action is related to the bankruptcy case.

7. This adversary proceeding arises in connection with the consolidated Chapter 11 bankruptcy proceedings, captioned *In re Crosby Marine Transportation, LLC* (Case No. 26-

10678), pending in the United States Bankruptcy Court for the Eastern District of Louisiana, Section "A".

8. This adversary proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure, and the requested relief is pursuant to La. Rev. Stat. § 9:2781.

9. This adversary proceeding involves a claim under the Louisiana Open Accounts Statute that is related to the bankruptcy case of Crosby Tugs and is, therefore, properly before this Court pursuant to 28 U.S.C. § 1334(b).

10. Venue is proper in this district because this Complaint is brought in the district in which the underlying bankruptcy case is pending. 28 U.S.C. § 1409(a).

11. Crosby Tugs consents to the entry of a final order and/or judgment by the Bankruptcy Court in this matter, per Rule 7008 of the Federal Rules of Bankruptcy Procedure.

## THE PARTIES

12. Plaintiff, Crosby Tugs, is a Louisiana limited liability company that provides marine towing and vessel services, with its principal place of business in Galliano, Louisiana. Crosby Tugs is a debtor and debtor-in-possession in the Chapter 11 bankruptcy cases before this Court and includes a subsequently filed affiliated debtor.

13. Made defendant herein is Pelican Marine Logistics, LLC, a Louisiana limited liability company with a mailing address of 7616 Johnston Street in Maurice, Louisiana 70555.

## FACTUAL BACKGROUND

14. Crosby Tugs and Pelican Marine entered into an agreement under which Crosby Tugs provided towing and vessel services and issued invoices to Pelican Marine for those services.

15. The invoices issued by Crosby Tugs provided that payment was due upon receipt.

16. Crosby Tugs issued invoices to Pelican Marine for services provided from February 18, 2026, to June 30, 2026, creating an "open account" within the meaning of La. Rev. Stat. § 9:2781(D).

17. As of September 14, 2026, the total outstanding balance owed by Pelican Marine was $385,990.00. A copy of the Accounts Receivable Aged Invoice Report (the "Invoice Report") is attached hereto as "Exhibit A."

18. The Invoice Report reflects that 100% of Pelican Marine's total balance is at least 120 days past due.

19. Pelican Marine's debt constitutes an "open account" under La. Rev. Stat. § 9:2781(D) because part or all of the balance is past due and the account reflects one or more transactions between Crosby Tugs and Pelican Marine.

20. On September 29, 2026, Crosby Tugs, through undersigned counsel, sent Pelican Marine a written demand letter (the "Written Demand") for payment by certified mail and email, accurately describing the total outstanding balance as of August 10, 2026 – that is, $385,990.00 – and attaching the supporting Invoice Report.

21. A true and correct copy of the Written Demand sent to Pelican Marine is attached hereto as "Exhibit B."

22. Crosby Tugs' Written Demand warned Pelican Marine that Crosby Tugs would proceed with an action under the Louisiana Open Account Statute if Pelican Marine failed to make payment on the outstanding balance within thirty (30) days of the date of the letter.

23. Crosby Tugs' Written Demand further advised that, should it be required to file suit, it would "seek judgment in the full amount of the debt along with an award of attorney's fees."

24. More than thirty (30) days have passed since the Written Demand, and Pelican Marine has failed to pay the amount owed. La. Rev. Stat. § 9:2781(A).

**COUNT I – AMOUNT DUE ON OPEN ACCOUNT (LA. REV. STAT. § 9:2781)**

25. Crosby Tugs re-alleges and incorporates paragraphs 1-24 above as if set forth fully herein.

26. Crosby Tugs furnished towing and vessel services to Pelican Marine on open account and issued invoices that remain unpaid.

27. Pelican Marine remains indebted to Crosby Tugs in the principal amount of $886,895.43, which is due and owing.

28. Crosby Tugs sent written demand, as required by the statute, on August 13, 2026, accurately describing the amount owed, and Pelican Marine failed to pay within thirty (30) days.

29. Crosby Tugs is therefore entitled to judgment for the principal balance of **$385,990.00**, along with legal interest from the date of judicial demand, reasonable attorney's fees, and all costs arising from the prosecution and collection of this claim upon a judgment in its favor. La. Rev. Stat. § 9:2781(A).

**WHEREFORE**, for the foregoing reasons, Crosby Tugs, L.L.C. respectfully requests this Court to:

A. Enter judgment in favor of Crosby Tugs and against Pelican Marine in the principal amount of **$385,990.00**, together with legal interest from the date of judicial demand, reasonable attorney's fees under La. Rev. Stat. § 9:2781, and all costs of these proceedings.

B. Award such other and further relief provided by law and/or equitable relief, as the Court deems just and proper.

Respectfully submitted,

**LISKOW & LEWIS**

Michael D. Rubenstein (La. Bar No. 22860)
1001 Fannin Street, Suite 1800
Houston, TX 77002
Tel: (713) 651-2953
Email: mdrubenstein@liskow.com

***ATTORNEYS FOR CROSBY TUGS, L.L.C.***